United States District Court
Middle District of Florida
Orlando Division

**STEVEN LAYNE WILLIAMS,**

 Plaintiff,

v.                   NO. 6:23-cv-419-RBD-LLL

**KILOLO KIJAKAZI,**
**Acting Commissioner of Social Security,**

 **Defendant.**

_____

### Report and Recommendation

Before the Court is plaintiff's Unopposed Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412, doc. 30, and supporting documentation, docs. 30-1 through 30-4. Plaintiff's counsel, Bradley K. Boyd, seeks an award of attorney's fees in the amount of $5,451.42. Doc. 30 at 1. The Commissioner does not object to the requested fees. *Id.* at 5. Plaintiff's motion has been referred to me for the issuance of a report and recommendation regarding an appropriate resolution.

### Analysis

Plaintiff's counsel spent a total of 22.62 attorney hours on this matter. Doc. 30-1. Counsel requests an hourly rate of $241 for work completed in 2023, docs. 30 at 1; 30-1, for a total of $5,451.42 in attorney fees.

Initially, I find the number of hours expended reasonable. *See* doc. 30-1 (schedule of attorney tasks). As for the hourly rate, I acknowledge counsel is seeking

a higher rate than the $125 specified by statute, presumably based on the increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress. *See* 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased). Having examined the Consumer Price Index and the representations made, docs. 30, 30-1, 30-2, 30-3, I conclude an increase in inflation justifies a proportionate increase in attorney's fees for the year 2023.[1]

With regard to the assignment of fees, I note plaintiff has assigned his right to any court awarded EAJA attorney fees for representation in a United States District Court "to Bradley K. Boyd and not to me as [p]laintiff." Doc. 30-4 at 1. Plaintiff requests any EAJA fees be payable directly to his counsel if the Department of the Treasury determines he does not owe a federal debt, *id*. at 2; I recommend that the matter be left solely to the discretion of the Commissioner. *See Marcum v. Kijakazi*, no. 3:19-cv-959-JRK, 2021 WL 3190545, at *5 (M.D. Fla. July 28, 2021) (explaining the trend in the Middle District of Florida is to leave the matter of accepting assignment to the discretion of defendant; collecting cases).

I respectfully **recommend**:

1. Plaintiff's Unopposed Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412, doc. 30, be **granted**.

---

[1] *See* U.S. Dep't of Labor, Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited December 5, 2023). In computing the hourly rate adjustment for the cost-of-living increase, the Consumer Price Index is generally used for the year in which the services were performed. *See Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 710-13 (D.C. Cir. 1997).

    2.    The **Clerk of Court** be directed to enter judgment in favor of plaintiff and against defendant for attorney's fees in the amount of $5,451.42.

    3.    The Commissioner be permitted to exercise her discretion to honor plaintiff's assignment of fees to counsel if the U.S. Department of the Treasury determines that plaintiff does not owe a debt to the U.S. Government.

**Entered** in Jacksonville, Florida on December 5, 2023.

*/s/ Laura Lothman Lambert*
LAURA LOTHMAN LAMBERT
United States Magistrate Judge

## Notice

The parties have fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations changes the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Order (Doc. No. 3), No. 8:20-mc-100-SDM, entered October 29, 2020, at 6.

c:
Honorable Roy B. Dalton, Jr., United States District Judge
Bradley K. Boyd, Esquire
John F. Rudy, III, Assistant United States Attorney
Nadine Deluca Elder, Esquire